CHARLES COLLINS v. THE STATE.

No. 6481. Decided November 30, 1921.

Rehearing denied January 11, 1922.

1.—Receiving Stolen Property—Corroboration—Accomplice—Sufficiency of the Evidence.

Where, upon trial of receiving stolen property, defendant was convicted of a misdemeanor, and the testimony of the accomplice was sufficiently corroborated by other testimony to meet the requirements of the law with reference to corroboration, the judgment below must be affirmed.

2.—Same—Rehearing—Evidence—Bill of Exceptions.

In the absence of a bill of exceptions the admission of evidence cannot be considered on appeal, and the motion for rehearing must be overruled.

Appeal from the County Court of Williamson. Tried below before the Honorable F. D. Love.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $25 and thirty days imprisonment in the county jail.

The opinion states the case.

*W. C. Wofford,* for appellant.—Cited: Joiner v. State, 232 S. W. Rep., 333.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for receiving stolen property, knowing it to have been stolen; punishment assessed was a fine of twenty-five dollars and thirty days in jail.

This case is submitted upon one proposition only; viz: that the evidence is insufficient to sufficiently corroborate the testimony of the accomplice witness.

Henry Kyle was the agent for the Magnolia Petroleum Company at Hutto, Texas, in Williamson County. Upon being checked up by the auditor it was discovered that during the months of October, November and December of 1920, and January of 1921 he was short several hundred gallons of gasoline from his tanks at that place. Jeff Ake was one of Kyle's drivers, and admitted to Kyle that he had been stealing the gasoline from the tanks and selling it at ten cents per gallon, the market price of gasoline at that time in Hutto being twenty-five cents per gallon. There is no question but that Ake had stolen the gasoline; he had admitted it upon the witness stand and had plead guilty to theft thereof. His testimony was to the effect that he had sold appellant ten gallons at ten cents per gallon; that appellant would bring his can to a seed house near the oil tanks, and that witness would fill up the can for him, which he had done twice, and that appellant would get it. When the investigation with reference to the shortage of gasoline occurred, appellant went to Mr. Kyle and admitted to him that he had bought ten gallons of gasoline from the accomplice witness Ake, and had paid him ten cents per gallon, and that he wished to pay Mr. Kyle for the gasoline he had got, which he did. The offense of theft was established, not only by the admissions of the accomplice witness, but by the testimony of Kyle. That appellant received ten gallons of gasoline from Ake in such a way and under such circumstances as to make him guilty of receiving stolen property with a knowledge that it had been stolen is established by the testimony of the accomplice witness. The admission of appellant to Kyle that he had received ten gallons of gasoline from Ake and had only paid him ten cents per gallon for it, and the settlement with Kyle for that amount of gasoline sufficiently corroborates the testimony of the accomplice witness, and, without question, tended to connect appellant with the commission of the offense.

The testimony being sufficient, in our minds, to meet the requirements of the law with reference to the corroboration of the accomplice witness, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

January 11, 1922.

HAWKINS, JUDGE.—Appellant insists that this cause should be reversed because the trial court erred in admitting evidence that several hundred gallons of gasoline had been stolen during the months of October, November, December and January, without any attempt to connect appellant with more than ten gallons thereof. This matter was not adverted to in the original opinion because no bill of exceptions appears in the record bringing the point properly before us. It is mentioned in motion for new trial, but that is not sufficient to preserve

the question. (See Note 21, Vernon's C. C. P., page 537, section 47, Branch's Crim. Law).

The motion for rehearing is overruled.

*Overruled.*